BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr. (175783)
Albert Y. Chang (296065)
Yury A. Kolesnikov (271173)
7817 Ivanhoe Avenue, Suite 102
La Jolla, California  92037
Telephone:   (858) 914-2001
Facsimile:     (858) 914-2002

*Proposed Lead Counsel for Plaintiffs and*
*Counsel for Plaintiff Andrew Calcaterra*

[Additional Counsel Listed On Signature Page.]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW CALCATERRA, derivatively on behalf of BOFI HOLDING, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GREGORY GARRABRANTS, *et al.*, <br><br> Defendants, <br><br> – and – <br><br> BOFI HOLDING, INC., a Delaware corporation, <br><br> Nominal Defendant. | Case No. 15cv2722 BAS (NLS) <br><br> **Plaintiffs Andrew Calcaterra, Zhang Yong, and Laborers Pension Trust Fund of Northern Nevada's Memorandum of Points and Authorities in Support of Motion to Consolidate Related Actions and to Appoint Lead Counsel** <br><br> Date:       March 21, 2016 <br> Time:      None <br> Judge:     Hon. Cynthia A. Bashant <br> Courtroom: 4B (Schwartz) <br><br> **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

[Caption continues on following page.]

| | | |
|---|---|---|
| 1 | DAVID DEYOUNG, derivatively and on behalf of BOFI HOLDING, INC., ) ) | Case No. 16cv0163 BAS (NLS) |
| 2 | ) | |
| 3 | Plaintiff, ) ) | |
| 4 | vs. ) | |
| 5 | ) | |
| 6 | GREGORY GARRABRANTS, *et al.*, ) ) | |
| 7 | Defendants, ) ) | |
| 8 | – and – ) | |
| 9 | ) | |
| 10 | BOFI HOLDING, INC., a Delaware corporation, ) ) | |
| 11 | ) | |
| 12 | Nominal Defendant. ) | |
| 13 | ZHANG YONG, derivatively on behalf of BOFI HOLDING, INC., ) ) | Case No. 16cv0241 BEN (WVG) |
| 14 | ) | |
| 15 | Plaintiff, ) ) | |
| 16 | vs. ) | |
| 17 | ) | |
| 18 | GREGORY GARRABRANTS, *et al.*, ) ) | |
| 19 | Defendants, ) ) | |
| 20 | – and – ) | |
| 21 | ) | |
| 22 | BOFI HOLDING, INC., a Delaware corporation, ) ) | |
| 23 | ) | |
| 24 | Nominal Defendant. ) | |

[Caption continues on following page.]

| | |
|---|---|
| LABORERS PENSION TRUST FUND OF NORTHERN NEVADA, derivatively on behalf of BOFI HOLDING, INC., | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| THEODORE C. ALLRICH, *et al.*, | ) ) |
| Defendants, | ) ) |
| – and – | ) ) |
| BOFI HOLDING, INC., a Delaware corporation, | ) ) ) |
| Nominal Defendant. | ) |

Case No. 16cv0259 BTM (RBB)

**Table of Contents**

I.   INTRODUCTION ..................................................................................................1

II.  OVERVIEW OF THE LITIGATION ..................................................................2

III. ARGUMENT.........................................................................................................4

   A.   Consolidation of the Related Actions Is Proper ...........................................4

   B.   Bottini & Bottini, Inc. Should Be Appointed Lead Counsel.......................5

IV.  CONCLUSION.....................................................................................................8

# Table of Authorities

**Cases**

*Dollens v. Zionts*,
  Nos. 01 C 5931 *et al.*,
  2001 U.S. Dist. LEXIS 19966 (N.D. Ill. Dec. 4, 2001) ................................................. 5

*Horn v. Raines*,
  227 F.R.D. 1 (D.D.C. 2005) ........................................................................................ 5

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) .................................................................................................... 4

*MacAlister v. Guterma*,
  263 F.2d 65 (2d Cir. 1958) .......................................................................................... 5

*Millman v. Brinkley*,
  Nos. 03-cv-3831 WSD *et al.*,
  2004 U.S. Dist. LEXIS 20113 (N.D. Ga. Oct. 1, 2004) ............................................... 5

*Schriver v. Impac Mortg. Holdings, Inc.*,
  Nos. SACV 06-0031 CJC (RNBx) *et al.*,
  2006 U.S. Dist. LEXIS 40607 (C.D. Cal. May 1, 2006) ............................................. 5

**Rules**

FED. R. CIV. P. 42(a) ........................................................................................................ 4

**Other Authorities**

MANUAL FOR COMPLEX LITIGATION (FOURTH) § 10.22 (2014) ........................................ 5

## I.   INTRODUCTION

This is a motion[1] to consolidate related actions under Rule 42(a) of Federal Rules of Civil Procedure and to appoint Bottini & Bottini, Inc. as lead counsel for plaintiffs in the consolidated actions.

Pending in this District are four shareholder derivative actions brought on behalf of nominal defendant BofI Holdings, Inc. ("BofI" or the "Company"), a San Diego, California-based holding company for BofI Federal Bank:

- *Calcaterra v. Garrabrants*, No. 15cv2722 BAS (NLS), filed on December 3, 2015 and assigned to this Court;
- *DeYoung v. Garrabrants*, No. 16cv0163 BAS (NLS), filed on January 22, 2016 and assigned to this Court;
- *Yong v. Garrabrants*, No. 16cv0241 BEN (WVG), filed on January 29, 2016 and assigned to the Honorable Roger T. Benitez; and
- *Laborers Pension Trust Fund of Northern Nevada v. Allrich*, No. 16cv0259 BTM (RBB), filed on February 2, 2016 and assigned to the Honorable Barry T. Moskowitz.

These derivative actions involve common issues of law and fact because each alleges breach of fiduciary duties and other derivative claims arising from the individual defendants' false and misleading statements and omissions regarding BofI's internal controls, compliance with regulatory requirements, and the Company's current and future prospects for revenue and earnings growth.  Plaintiffs Andrew Calcaterra, Zhang Yong, and Laborers Pension Trust Fund of Northern Nevada (collectively, "Plaintiffs") therefore jointly request that the actions be consolidated for all purposes and trial under Rule 42(a) of the Federal Rules of Civil Procedure.

To ensure orderly, efficient proceedings in the consolidated action, Plaintiffs also jointly request that the Court appoint Bottini & Bottini, Inc. as Plaintiffs' lead counsel in

---

[1] This motion is brought on behalf of three of the four plaintiffs who have filed related cases — Plaintiffs Calcaterra, Yong and Laborers.

1

the consolidated action. A San Diego, California-based law firm specializing in securities litigation, Bottini & Bottini has substantial experience in, and a successful track record of, litigating shareholder derivative actions. Bottini & Bottini also has experience working side-by-side with counsel for plaintiffs Yong and Laborers in shareholder litigation. Appointment of Bottini & Bottini as lead counsel will promote efficiency and conserve the parties' resources.

Accordingly, the Court should grant Plaintiffs' motion in its entirety.

## II. OVERVIEW OF THE LITIGATION

These pending actions are shareholder derivative actions on behalf of nominal defendant BofI against certain of its directors and top officers for breach of fiduciary duty, corporate waste, unjust enrichment and related relief.[2] Declaration of Francis A. Bottini, Jr. ("Bottini Decl.") Exs. A–D.

BofI is the holding company for BofI Federal Bank, a diversified financial services company that provides consumer and business banking products primarily through its branchless, low-cost distribution channels. While under the stewardship of the individual defendants,[3] the Company issued false and misleading statements designed to artificially inflate the trading price of BofI's shares and its market capitalization. More specifically, between at least September 4, 2013 and October 13, 2015, the individual defendants caused BofI to make false and/or misleading statements and/or fail to disclose material adverse facts about the Company's business, operations, prospects and performance. For example, the individual defendants caused BofI to misrepresent and/or fail to disclose

---

[2] The first-filed *Calcaterra* complaint alleges four claims: (1) breach of fiduciary duty; (2) abuse of control; (3) unjust enrichment; and (4) breach of the duty of honest services. The *DeYoung* complaint alleges all four claims, as well as a claim for gross mismanagement. The *Yong* complaint alleges the first three claims and omits the fourth claim. The *Laborers* complaint alleges the first claim and third claim, as well as a claim for abuse of control.

[3] The individual defendants are 13 officers and directors of BofI, including Theodore C. Allrich, James S. Argalas, Eshel Bar-Adon, John Gary Burke, James J. Court, Uzair Dada, Gregory Garrabrants, Paul J. Grinberg, Andrew J. Micheletti, Nicholas A. Mosich, Edward J. Ratinoff, John C. Tolla and Derrick K. Walsh. Defendant Walsh is named only in the *Laborers* complaint.

that: (1) BofI's internal controls were frequently disregarded; (2) BofI's borrowers included foreign nationals who should have been off-limits under federal anti-money-laundering laws; (3) many BofI accounts lacked required tax identification numbers; (4) in violation of the anti-retaliation laws contained in the Sarbanes-Oxley Act of 2002 (the "Sarbanes-Oxley Act" or "SOX") and the Dodd-Frank Wall Street Reform and Consumer Protection Act (the "Dodd-Frank Act"), the BofI Board of Directors ("Board") caused the Company to fire an internal auditor who raised the foregoing issues with senior management and federal regulators after claiming status as a federally-protected whistleblower; and (5) as a result of the above, the Company's statements regarding BofI's internal controls and other financial statements were materially false and misleading at all relevant times. Bottini Decl., Exs. A–D.

Propelled by these false statements, the trading price of BofI shares soared to over $142.00 per share. While BofI's shares traded at artificially inflated prices, Defendants Allrich, Burke, Court, Grinberg, Micheletti and Ratinoff collectively sold 84,063 shares of BofI stock based on insider information, receiving proceeds of more than $8.2 million. Bottini Decl., Exs. A–D.

The individual defendants' scheme continued unabated until mid-October 2015. Then, on October 13, 2015, *The New York Times* published an article reporting that a former internal auditor at BofI had filed a lawsuit against the Company under the federal whistleblower laws. More specifically, *The New York Times* reported that the auditor's complaint alleged, among other things, that: (1) BofI's borrowers included foreign nationals who should have been off-limits under federal anti-money-laundering laws; (2) the auditor had seen a spreadsheet that contained as many as 200 accounts without tax identification numbers, contrary to BofI's representations to the Office of the Comptroller of the Currency, its primary regulator; (3) BofI at times failed to provide full and timely information to regulators; and (4) BofI wrongfully terminated the auditor after he revealed wrongdoing at BofI to management and federal regulators. Bottini Decl., Exs. A–D.

On this news, the trading price of BofI shares collapsed, falling $42.87 per share, or 30%, to $99.13 per share, instantly wiping out more than $674 million in market capitalization. Worse yet, the Company has been named as a primary defendant in a costly and expensive-to-defend class action lawsuit brought by BofI shareholders for alleged violations of the federal securities laws. Bottini Decl., Exs. A–D.

Nevertheless, the Board has not taken any legal action against the directors and officers responsible for this debacle. Nor will they, because each of the individual defendants is interested in the outcome of any such legal action. Accordingly, by this action, plaintiffs seek to vindicate BofI's interests against its wayward fiduciaries.

## III.   ARGUMENT

### A.   Consolidation of the Related Actions Is Proper

The power to consolidate related actions falls within the broad inherent authority of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court has discretion to consolidate related cases that involve common questions of fact and law under Rule 42(a). FED. R. CIV. P. 42(a).[4]

Presently pending in this District are four related shareholder derivative actions — *Calcaterra*, *DeYoung*, *Yong*, and *Laborers* — each alleging that Defendants breached fiduciary duties owed to BofI. The four related *BofI* derivative actions arise from the same events and transactions and assert substantially the same claims against the same defendants. Thus, these actions raise common issues of law and fact. Because common questions of law and fact predominate, consolidation of these actions, as well as any subsequently-filed similar actions, is appropriate under Rule 42(a). *Schriver v. Impac Mortg.*

---

[4] Rule 42(a) provides, in relevant part:

If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

FED. R. CIV. P. 42(a).

4
Plaintiffs' Memorandum of Points and Authorities in Support of Motion                 15cv2722 BAS (NLS)

*Holdings, Inc.*, Nos. SACV 06-0031 CJC (RNBx) *et al.*, 2006 U.S. Dist. LEXIS 40607, at *6 (C.D. Cal. May 1, 2006) (consolidating related shareholder derivative actions).

Consolidation of similar shareholder actions also promotes judicial efficiency by helping to alleviate duplication of time, effort and expense on the part of the Court and litigants. "[W]hen consolidation is appropriate, the Court has the discretion to order the consolidation of subsequently-filed or transferred cases that allege similar facts as those alleged in the current shareholder derivative suits." *Horn v. Raines*, 227 F.R.D. 1, 2 (D.D.C. 2005) (consolidating derivative actions); *see also Millman v. Brinkley*, Nos. 03-cv-3831 WSD *et al.*, 2004 U.S. Dist. LEXIS 20113, at *7 (N.D. Ga. Oct. 1, 2004) (consolidating derivative actions to conserve the parties' resources).

Because the interests of all parties and the Court system are best served by the efficiency, consistency, and economy achieved through the requested consolidation, the related BofI shareholder derivative actions should be consolidated under Rule 42(a).

**B.     Bottini & Bottini, Inc. Should Be Appointed Lead Counsel**

Appointment of lead counsel in consolidated actions is particularly warranted because it permits efficient utilization of the Court's and parties' resources and helps eliminate any duplication. *See, e.g.*, *MacAlister v. Guterma*, 263 F.2d 65, 69 (2d Cir. 1958) ("The benefits achieved by consolidation and the appointment of general counsel, i.e. elimination of duplication and repetition and in effect the creation of a coordinator of diffuse plaintiffs through whom motions and discovery proceedings will be channeled, will most certainly redound to the benefit of all parties to the litigation."); *Dollens v. Zionts*, Nos. 01 C 5931 *et al.*, 2001 U.S. Dist. LEXIS 19966, at *6 (N.D. Ill. Dec. 4, 2001) (granting plaintiffs' motion to consolidate and appointing co-lead plaintiffs as well as co-lead and liaison counsel). As held in *MacAlister* and *Dollens*, the decision to establish a leadership structure is within the broad discretion of the trial court. *See also* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 10.22 (2014).

Here, counsel for Plaintiffs Calcaterra, Yong, and Laborers have agreed that Bottini & Bottini, whose lawyers filed the first action on behalf of plaintiff Calcaterra,

should be appointed as lead counsel for plaintiffs in the consolidated action. Based in San Diego, California, Bottini & Bottini has substantial experience litigating shareholder derivative actions and has a demonstrated record of success. Mr. Bottini, the firm's founder, has served as lead or co-lead counsel in numerous shareholder derivative actions in state and federal courts throughout the United States, including *Cook v. McCullough*, No. 11 C 9119 (N.D. Ill.) (Career Education Corporation), *In re SunPower Corp. Shareholder Derivative Litigation*, Master File No. C-09-5731 (N.D. Cal.), *Klein v. Cook*, No. 14-cv-3634 EJD (N.D. Cal.) (Apple Inc.), *In re Pacific Capital Bancorp Derivative Litigation*, No. CIVRS1340306 (Cal. Super. Ct., Cnty. of Santa Barbara), *In re First Solar Derivative Litigation*, No. CV-12-0769-PHX-DGC (D. Ariz.), and *In re Dell, Inc. Derivative Litigation*, No. 06-cv-0839 (W.D. Tex.). *See* Bottini Decl. ¶ 7.

For example, in *In re Brocade Communications Systems, Inc.*, No. 05-cv-2233 (N.D. Cal.), Mr. Bottini was retained as co-counsel to Brocade Communications Systems, Inc. by the Special Litigation Committee of Brocade's board of directors to help litigate Brocade's claims against its former officers and directors. After litigation of the case for over five years, over $24 million was recovered for Brocade through the litigation.

In another shareholder derivative litigation involving Career Education Corporation in 2012, Bottini & Bottini successfully defeated defendants' motion to dismiss the complaint challenging the sufficiency of the demand-futility allegations. *See Cook v. McCullough*, No. 11 C 9119, 2012 U.S. Dist. LEXIS 114621 (N.D. Ill. August 13, 2012). Bottini & Bottini eventually secured a $20 million recovery for Career Education, in addition to the valuable corporate governance reforms. *See* Bottini Decl. ¶ 10, Ex. E at 255.

More recently in this District, Bottini & Bottini, working with other counsel, helped secure the settlement of a multi-venue, two-year-long shareholder derivative litigation involving the San Diego, California-based Maxwell Technologies, Inc. *See In re Maxwell Technologies, Inc. Derivative Litigation*, No. 12cv0966 BEN (RBB) (S.D. Cal.).

In addition to Bottini & Bottini's experience and successful track record, the firm is able and willing to commit the resources necessary to vigorously prosecute the claims asserted in this litigation.  *See* Bottini Decl. ¶ 11.  Moreover, Bottini & Bottini has met and conferred with counsel for plaintiff Laborers Pension Trust Fund, Robbins Geller Rudman & Dowd LLP, and counsel for plaintiff Yong, The Shuman Law Firm, to establish a protocol to ensure efficiency in assigning tasks among Plaintiffs' counsel.  *See* Bottini Decl. ¶ 12.

Notably, Bottini & Bottini has extensive experience in working side-by-side with both Robbins Geller and The Shuman Law Firm.  *See id.*  For example, Mr. Bottini's firm has served as co-counsel with Robbins Geller in numerous securities cases, including *Robinson v. Audience, Inc.*, No. 1:12-cv-232227 (Cal. Super. Ct., Cnty. of Santa Clara), *Mogenson v. Body Central. Corp.*, No. 12-cv-0954-HES-JRK (M.D. Fla.), *Plymouth County Retirement System v. Model N, Inc.*, No. CIV530291 (Cal. Super. Ct., Cnty. of San Mateo), and *Wiley v. Envivio, Inc.*, No. CIV517185 (Cal. Super. Ct., Cnty. of San Mateo).  *See* Bottini Decl. ¶ 13.  In addition, Bottini & Bottini and Robbins Geller are currently working together to prosecute a shareholder derivative action on behalf of Lumber Liquidators Holdings, Inc. pending in the Eastern District of Virginia.  *Id.*  Mr. Bottini's firm also served as co-lead counsel with The Shuman Law Firm in several shareholder derivative cases, including *In re American Capital, Ltd. Derivative Litigation*, No. 11-cv-2424-PJM (D. Md.), and *In re OSI Systems, Inc. Derivative Litigation*, No. 14-cv-2910 MWF (VBKx).  *See* Bottini Decl. ¶ 14.

In sum, Bottini & Bottini possesses the resources, skills, records of results and willingness to aggressively litigate shareholder cases to trial.  Therefore, plaintiffs Calcaterra, Yong, and Laborers respectfully request that the Court appoint Bottini & Bottini as lead counsel for plaintiffs in the consolidated action.

///
///
///

## IV. CONCLUSION

For all the foregoing reasons, Plaintiffs' Motion to Consolidate Related Actions and to Appoint Lead Counsel should be granted. The Court should issue the accompanying proposed order consolidating *Calcaterra*, *DeYoung*, *Yong,* and *Laborers* for all purposes and appointing Bottini & Bottini, Inc. as lead counsel for plaintiffs in the consolidated action.

Dated: February 19, 2016                    Respectfully submitted,

BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr. (175783)
Albert Y. Chang (296065)
Yury A. Kolesnikov (271173)

<u>s/ Francis A. Bottini, Jr.</u>
Francis A. Bottini, Jr.

7817 Ivanhoe Avenue, Suite 102
La Jolla, California  92037
Telephone:   (858) 914-2001
Facsimile:    (858) 914-2002

*Proposed Lead Counsel for Plaintiffs and Counsel for Plaintiff Andrew Calcaterra*

ROBBINS GELLER RUDMAN
  & DOWD LLP
Travis E. Downs III (148274)
Benny C. Goodman III (211302)
Erik S. Luedeke (249211)

<u>  /s Travis E. Downs III</u>
Travis E. Downs III

655 West Broadway, Suite 1900
San Diego, California 92101-8498
Telephone:   (619) 231-1058
Facsimile:    (619) 231-7423

*Counsel for Plaintiff Laborers Pension Fund of Northern Nevada*

| | |
|---|---|
| 1 | THE SHUMAN LAW FIRM |
| 2 | Kip B. Shuman (145842) |
| 3 | /s Kip B. Shuman |
| 4 | Kip B. Shuman |
| 5 | 1 Montgomery Street, Suite 1800 |
| 6 | San Francisco, California 94104 |
|   | Telephone:   (303) 861-3033 |
| 7 | Facsimile:   (303) 536-7849 |
| 8 | -and- |
| 9 | Rusty E. Glenn (*pro hac vice to be submitted*) |
|   | 600 17th Street, Suite 2800 South |
| 10 | Denver, Colorado 80202 |
| 11 | Telephone:   (303) 861-3033 |
|   | Facsimile:   (303) 536-7849 |
| 12 | |
| 13 | *Counsel for Plaintiff Zhang Yong* |

## Signature Certification

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Travis E. Downs III and Kip B. Shuman, and that I have obtained Mr. Downs' and Mr. Shuman's authorizations to affix their electronic signatures to this document.

                                                                                                s/ Francis A. Bottini, Jr.
                                                                                                   Francis A. Bottini, Jr.