

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: BOFI HOLDING, INC. SHAREHOLDER LITIGATION,

------------------------------

ANDREW CALCATERRA, derivatively on behalf of BofI Holding, Inc.,

    Plaintiff - Appellant,

 v.

GREGORY GARRABRANTS; et al.,

    Defendants - Appellees.

No. 19-55721

D.C. No. 3:15-cv-02722-GPC-KSC
U.S. District Court for Southern California, San Diego

**MANDATE**

The judgment of this Court, entered February 25, 2021, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Quy Le
Deputy Clerk
Ninth Circuit Rule 27-7

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: BOFI HOLDING, INC. SHAREHOLDER LITITGATION, ------------------------------ ANDREW CALCATERRA, derivatively on behalf of BofI Holding, Inc., Plaintiff-Appellant, v. GREGORY GARRABRANTS; et al., Defendants-Appellees. | No.   19-55721 D.C. No. 3:15-cv-02722-GPC-KSC MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted September 2, 2020
Pasadena, California

Before: SILER,** BERZON, and LEE, Circuit Judges.

The Bank of the Internet (now Axos Bank) provides consumer banking

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   **   The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

products through the internet.  After it terminated an internal auditor—Charles Erhart—he sued for retaliation.  He claimed that he was fired for reporting to regulators what he believed were internal control deficiencies and potential regulatory violations.  *Erhart v. BofI Holding Inc.*, No. 15-cv-2287 (S.D. Cal.).  Shareholders followed suit and filed a securities fraud class action.  *Houston Municipal Employees Pension System v. BofI Holding, Inc.*, No. 18-55415 (9th Cir.).

    Next came this derivative action against the board of directors and senior management at the bank.  Both the first amended complaint (FAC) and second amended complaint (SAC) asserted four causes of action: (1) breach of fiduciary duty; (2) abuse of control; (3) unjust enrichment; and (4) breach of duty of honest services.  The SAC, however, only asserted those causes of action against four defendants.  In his first amended complaint (FAC), Plaintiff Andrew Calcaterra alleged the Bank was damaged in four ways: (1) "legal fees associated with the lawsuits filed against the Company for violations of the federal securities laws and for violation of the anti-retaliation provisions of Dodd-Frank and Sarbanes-Oxley by Mr. Erhart"; (2) "loss of reputation and goodwill, and a 'liar's discount' that will plague the Company's stock in the future due to the Individual Defendants' false statements and lack of candor to the marketplace"; (3) "amounts paid to outside lawyers, accountants, and investigators in connection with [the Bank's]

internal investigation"; and (4) "loss of revenues and profits due to any subsequent restatements." The plaintiff's claims in the SAC were "reduced to one seeking recovery against the Defendant directors and officers to reimburse amounts BofI paid to outside lawyers, accountants, and investigators in connection with BofI's internal investigation."

The district court found Calcaterra's claims in the FAC were either: (1) unripe; (2) failed to state a claim for relief; or (3) not properly pled. We have jurisdiction under 28 U.S.C. § 1291. We affirm. Calcaterra also complains the district court erred when it denied: (1) a stay of the entire case and (2) leave to amend the SAC. We agree.

**1.** The district court properly determined that most of Calcaterra's claims in the FAC were not ripe. As to the claims held unripe, each request for relief is contingent on the outcome of the two other ongoing lawsuits. For example, if the Bank prevails, Calcaterra's requests for legal fees is without merit. As a result, the claim "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks omitted). Calcaterra's attempts to plead around ripeness by requesting declaratory, injunctive, and restitutionary relief, *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1129 (9th Cir. 2005), and grouping multiple breaches as a single fiduciary claim are unavailing. *Cf. DaimlerChrysler Corp. v.*

*Cuno*, 547 U.S. 332, 352-53 (2006) (rejecting the reading of a prior case to "allow standing as to one claim to suffice for all claims arising from the same nucleus of operative facts" because it would allow a court to "entertain moot or unripe claims" and undermine Article III (internal quotation marks omitted)).

**2.** Because the bulk of claims in the FAC were found unripe, Calcaterra requested a stay of the entire case per the district court's instruction, though the district court denied that request. A district court should consider "the hardship or inequity which a party may suffer in being required to go forward." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citations omitted)). Because of a possibility that the statute of limitations might bar the refiling of Calcaterra's now unripe claims, the district court abused its discretion when it found Calcaterra would not face hardship from dismissal. *See Lockyer*, 398 F.3d at 1105. We therefore reverse the denial of the stay.

**3.** Calcaterra alleges his breach of the duty of candor claim was improperly dismissed, but he cannot meet the heightened level of proof required by Delaware law and Federal Rule of Civil Procedure 9(b). *See Metro Commc'n Corp. BVI v. Advanced Mobilecomm Techs. Inc.*, 854 A.2d 121, 157-58 (Del. Ch. 2004) (Delaware law requires heightened level of proof that directors "knowingly disseminate[d] false information"); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097,

1103-04 (9th Cir. 2003). None of his claims rise above a speculative level. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Calcaterra failed to identify why certain statements were false or allege that the Defendants knew they were false. Calcaterra also objects to the dismissal of individual defendants. Only four of the eight instances of alleged wrongdoing identify a particular defendant. As a result, the district court correctly concluded that a claim can only continue against the specifically named defendants.

    **4.** Before proceeding on his shareholder derivative action, Calcaterra must show demand futility. That is, he must plead with particularity, Fed. R. Civ. P. 23.1(b)(3), that a demand on the Board was futile under Delaware law (the place of incorporation). *See Rosenbloom v. Pyott*, 765 F.3d 1137, 1148 (9th Cir. 2014). The district court did not err by determining he had not. *See Tindall v. First Solar Inc.*, 892 F.3d 1043, 1044 (9th Cir. 2018). Calcaterra did not sufficiently allege that most of the board was conflicted at the time of filing for either the FAC or SAC. Likewise, while "the existence of a new independent board of directors is relevant to a Rule 23.1 demand inquiry only as to derivative claims in the amended complaint that are not already validly in litigation," Calcaterra's claim was not "validly in litigation" after filing the FAC because "validly in litigation" means a proceeding that can or has survived a motion to dismiss. *Braddock v. Zimmerman*, 906 A.2d 776, 779, 786 (Del. 2006). Therefore, the district court did not err in

reconsidering demand futility.

**5.** Finally, Calcaterra's attempts to recover investigation costs were dismissed for failure to state a claim. We review the district court's decision de novo and find no error. *Fayer v. Vaughn*, 649 F.3d 1061, 1063 (9th Cir. 2011) (per curiam). Calcaterra points to no cause of action for recovering investigation costs under these circumstances.

**6.** The district court dismissed the SAC without leave to amend the complaint. The decision to deny leave to amend is generally reviewed de novo. When the reason for denying leave is futility, however, the decision is reviewed for abuse of discretion. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1172 (9th Cir. 2016). We consider five factors in considering denying leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Nonetheless, the presumption remains in favor of granting leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Here, the district court did not consider any of the five factors and thus abused its discretion.

We AFFIRM the district court's granting of the defendant's motion to

dismiss the FAC, REVERSE the denial of plaintiff's motion for a stay of the case, and REMAND the district court's denial of plaintiff's motion for leave to seek to amend the complaint for reconsideration applying the appropriate standards.