UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>BofI HOLDINGS, INC.,<br>SHAREHOLDER LITIGATION, | Case No.:  15-cv-2722-GPC-KSC<br><br>**ORDER STAYING ACTION AND DENYING MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>**[ECF No. 181, 186]** |

Pending before the Court is the Individual Defendants' Motion to Dismiss Plaintiff's Third Amended Shareholder Derivative Complaint.  After reviewing the briefing, the Court orders that the motion be **DENIED WITHOUT PREJUDICE** and the action **STAYED** pending resolution of the appeal in the related whistleblower action.[1]

Plaintiff's shareholder derivative suit seeks to recoup from the individual defendants, *inter alia*, the cost of the company's defense against a securities class action

---

[1] Plaintiff's Motion to Seal portions of his memorandum in opposition, ECF No. 186, and the Individual Defendants' Request for Judicial Notice, ECF No. 181-2, are **GRANTED**.

1  and a related whistleblower lawsuit brought by Charles Matthew Erhart.  ECF No. 178
2  (sealed).  This Court previously dismissed portions of the derivative suit as unripe,
3  concluding that Plaintiff's theory of liability depended upon the outcomes of the then-
4  pending securities and whistleblower actions.  *In re Bofi Holding, Inc S'holder Litig.*, 848
5  F. App'x 234, 236 (9th Cir. 2021).  The Court further declined to stay the derivative
6  action pending resolution of the related suits.  *Id.*  The Ninth Circuit affirmed this Court's
7  holding on ripeness but reversed the refusal to stay the action, finding that the statute of
8  limitations might bar the refiling of Plaintiff's "now unripe claims . . . ."  *Id.* at 237.  The
9  Court granted a joint motion to stay the matter on April 9, 2021.  ECF No. 156.

10      On October 14, 2022, the securities action settled, and on October 4, 2023, an
11 amended judgment was entered for the whistleblower plaintiff after a bifurcated jury trial.
12 ECF No. 178 (sealed).  BofI appealed the whistleblower judgment, and that appeal pends
13 before the Ninth Circuit.  *Id.*  Nevertheless, on December 1, 2023, this Court lifted the
14 stay in the derivative action and ordered the filing of a third amended complaint.  ECF
15 No. 172.

16      That complaint re-alleges the claims previously dismissed as unripe.  ECF No. 178
17 (sealed).  Defendants argue that those claims, as they relate to the whistleblower action,
18 remain unripe due to the pending appeal.  They direct the Court to Delaware law, arguing
19 that Plaintiff's derivative claims do not ripen "[u]ntil the final judgment of the trial court
20 withstands appellate review."  *Scharf v. Edgcomb Corp.*, 864 A.2d 909, 920 (Del. 2004).
21 Plaintiff responds that the claims are now ripe because federal judgments are final and
22 given preclusive effect, even pending appeal.  *See, e.g., Eichman v. Fotomat Corp.*, 759
23 F.2d 1434, 1439 (9th Cir. 1985).

24      Rather than address ripeness, the Court concludes that the proper course is to
25 renew the stay of the derivative action pending appeal of the whistleblower action.  *See*
26 *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997).  For this Court—even armed with the

finality of federal judgments—to forge ahead without the Ninth Circuit's decision would invite the waste of judicial resources.  *See* ECF No. 190 at 12 ("[T]he Individual Defendants *cannot* be held liable if BofI prevails in its appeal.").  Furthermore, the Court finds that to move forward without the Ninth Circuit's decision might *require* this Court to find that Plaintiff's derivative claims are ripe.  A finding that Plaintiff's claims are unripe, coupled with a refusal to stay the action, would present the exact confluence of decisions previously rejected by the Ninth Circuit.  *In re Bofi Holding*, 848 F. App'x at 237.

Defendants appear to suggest that the Court may decide this action now on the basis of demand futility.  ECF No. 190 at 5 n.1.  Defendants argue that Plaintiff has failed to allege "new particularized allegations." *Id.* at 9.  But Plaintiff has supplemented his initial claims with information discovered in the course of the whistleblower action, including allegations regarding BofI's attempts following Erhart's termination to defame and harass Erhart with lawsuits.  ECF No. 178 at 9 (sealed).  Defendants attempt to brush aside Plaintiff's new allegations, including allegations related to the Board's approval of "litigation against Erhart's relatives," as "protected litigation activity."  ECF No. 190 at 10 n.4.  But that argument was explicitly rejected by the jury in the whistleblower action. *See* ECF No. 178 at 158 (Jury Verdict Form Question 11) (sealed).  These new allegations are intertwined with the merits of the whistleblower appeal, and thus the Court views them as further reason to stay the instant action.

Accordingly, the motion to dismiss is **DENIED WITHOUT PREJUDICE** and the derivative action is **STAYED**.  The parties are directed to file a joint monthly status report beginning on April 5, 2024.

**IT IS SO ORDERED.**

Dated:  March 5, 2024

Hon. Gonzalo P. Curiel
United States District Judge